# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAMES B. HARVEY,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-297**        (JCN: 2014010885)

**HOBET MINING,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, in its capacity as administrator of The Old Fund,**
**Respondent**

**FILED**
**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James B. Harvey appeals the June 27, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Offices of the Insurance Commissioner in its capacity as administrator of The Old Fund ("Old Fund") timely filed a response.[1] Mr. Harvey did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Harvey a 10% permanent partial disability ("PPD") award for occupational pneumoconiosis ("OP"). Mr. Harvey contends that he instead should have received a 20% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 28, 2014, Mr. Harvey was seen by Joseph Ravid, M.D., who assessed a backache, chronic obstructive pulmonary disease, chronic pain syndrome, depressive disorder, and tobacco use disorder. Mr. Harvey completed an Occupational Pneumoconiosis Board Form on April 16, 2014. Mr. Harvey indicated that he was an

---

[1] Mr. Harvey is represented by Mark J. Grigoraci, Esq. Old Fund is represented by Sean Harter, Esq. Hobet Mining did not appear.

underground mine foreman, and that he had worked underground for approximately fifteen years. He reported a cigarette smoking history of a pack a day from 1980 to 2011.

On June 10, 2014, the OP Board issued findings regarding Mr. Harvey's claim. The Board reported that Mr. Harvey was a fifty-year-old coal miner who had been exposed to a dust hazard for approximately fifteen years. The Board also noted that Mr. Harvey had been examined by the OP Board on December 11, 2001, with no diagnosis of OP. The Board reviewed August 17, 2011, and April 2, 2012, pulmonary function studies; various pathology reports, lung cultures, PET scans, chest CTs, and consultation reports; the Board's films dated December 11, 2001; a portable chest film dated November 28, 2011; chest x-rays from Charlotte Regional Medical Center dated October 21, 2011; a portable chest film dated May 13, 2011; and a chest film from Advanced Imaging dated June 6, 2012. The OP Board concluded that it could not make a diagnosis of OP.

On May 6, 2015, a hearing was held to take the testimony of the OP Board. John Willis, M.D., the Board radiologist, testified that all films were of good quality, that radiographs showed diffuse right lung infiltrates suggestive of pneumonia, that he did not see any changes typical of OP, and that Mr. Harvey had mild emphysema, best demonstrated on the 2012 chest CT. Jack Kinder, M.D., chairman of the OP Board, testified that Mr. Harvey was last exposed to occupational dust in February of 1995; that on December 11, 2001, his pulmonary function studies were normal; that he had a substantial smoking history; and that there were no markers of pneumoconiosis on either the x-rays or CT scan. Dr. Kinder testified that although a biopsy of lymph node tissue revealed silica particles, this was insufficient to make a diagnosis of silicosis. Dr. Kinder noted that there was no lung pathology or x-rays that demonstrated OP. OP Board member Bradley Henry, M.D., agreed with the findings of Dr. Willis and Dr. Kinder.

On May 3, 2017, Mr. Harvey underwent a chest CT scan. The impression was mild emphysema with bullous changes; mild adenopathy in the mediastinum and left hilum; old granulomatous changes within the hilar and mediastinal lymph nodes; and a normal appearing heart. A PET/CT scan was recommended for further evaluation. On August 7, 2017, Mr. Harvey underwent chest PET/CT scans, which had the impression of mediastinal and hilar adenopathy with an S.U.V. measurement that could represent lymphoma versus metastatic adenopathy versus reactive adenopathy secondary to pneumoconiosis. A biopsy was recommended for further evaluation.

In findings dated October 8, 2020, the OP Board determined that there was sufficient evidence to justify a diagnosis of OP with 10% pulmonary function impairment. The OP Board noted that Mr. Harvey was an underground coal miner, and has been exposed to a dust hazard for fourteen years with sufficient exposure to have caused OP. Upon physical examination, Mr. Harvey was in good general clinical condition. There were harsh breath sounds, but no rales or wheezing. X-rays showed no evidence of pleural or parenchymal changes to suggest OP. The OP Board's findings were based on its ventilatory studies. By

order dated January 25, 2021, the claim administrator granted Mr. Harvey a 10% PPD award based on the findings of the OP Board.

On April 20, 2021, Mr. Harvey underwent a chest CT scan at Millenium Physician Group, which was compared to the previous chest CT and PET/CT scan from 2017. The impression was mediastinal and hilar adenopathy, less well-demonstrated than on the prior CT, but no appearance of progression since the prior exam which may be related to infectious, inflammatory, or less likely neoplastic process. Chronic lung disease was suggested.

On November 12, 2021, Lohaliz Bobe, M.D., conducted pulmonary function testing of Mr. Harvey. The impression was moderate restrictive ventilatory impairment; a moderate reduction of the maximum inspiratory pressure; a severe reduction of the maximum expiratory pressure; and a moderate reduction of the total lung capacity. There was no evidence of obstruction, air-trapping, or hyperinflation. The gas transfer was mildly reduced.

On January 14, 2022, Mr. Harvey underwent an additional chest CT scan. The impression was that findings were unchanged since April 20, 2021, with no parenchymal lung mass, nodule, or active infiltrate, no focal consolidation, and no lobar collapse; no pleural or pericardial effusion; shotty mediastinal lymph nodes were stable and likely reactive in nature.

On May 1, 2024, a final OP Board hearing was held. Dr. Willis reviewed Mr. Harvey's x-rays dated October 8, 2020, and his chest CT scans dated April 20, 2021, and January 14, 2022. Dr. Willis testified that there was evidence of emphysema but no evidence of OP. Dr. Kinder agreed with Dr. Willis and testified that Mr. Harvey's last occupational dust exposure was in 1995, that he had a significant smoking history with radiographic evidence of emphysema, that his x-rays are negative for OP, and that overall Mr. Harvey has 15% pulmonary impairment, 10% of which is attributed to occupational dust exposure, with the remaining impairment attributable to non-occupational factors including emphysema. Dr. Kinder testified that another pulmonary function study that showed an overall impairment of 25% had volumes that were much lower than the OP Board study. Dr. Kinder noted that the OP Board would use the study with the better volumes. Mallinath Kayi, M.D., agreed with Drs. Willis and Kinder.

On June 27, 2024, the Board affirmed the claim administrator's January 5, 2021, order, which granted a 10% PPD award. The Board concluded that the findings of the OP Board were not clearly wrong, and that Mr. Harvey has 10% impairment from OP. It is from this order that Mr. Harvey now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

3

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Harvey argues that the Board was clearly wrong to find that he has 10% PPD, and that he instead should be awarded 20% PPD based on the reliable evidence. Further, Mr. Harvey argues that Dr. Bobe's pulmonary function test demonstrates that he has 20% impairment due to OP. We disagree.

The Supreme Court of Appeals of West Virginia has held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong. *Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000).

Here, the Board determined that the findings of the OP Board were not clearly wrong, and that Mr. Harvey has 10% impairment from occupational pneumoconiosis. The Board also noted that, as explained by the OP Board, although Mr. Harvey has 15% pulmonary impairment, 10% of the impairment is attributed to his occupational dust exposure and the remainder to non-occupational factors including emphysema. The Board noted that this claim is subject to the rebuttable presumption set forth in West Virginia Code § 23-4-8c(b) and found that all impairment above 10% to be rebutted by evidence that showed non-occupationally related emphysema. The OP Board discussed in the hearing that the OP Board's pulmonary function study had better volumes than the study relied upon by Mr. Harvey to argue that he should be granted 20% PPD. Although Mr. Harvey argues that Rule 20 of the Workers Compensation Rules does not permit the discrediting of a pulmonary function test that has lower flow volumes, the Supreme Court of Appeals of West Virginia has recognized the OP Board's reliance on studies with better volumes. *See Burgess v. American Electric Power Company, Inc*., No. 21-0460, 2022 WL 4299591 (W. Va. Sept. 19, 2022) (memorandum decision); *Gardner v. Murray American Energy, Inc*., No. 19-1910, 2021 WL 653226 (W. Va. Feb. 19, 2021) (memorandum

4

decision); *Elias v. Murray American Energy, Inc*., No. 20-0551, 2021 WL 5150058 (W. Va. Nov. 5, 2021) (memorandum decision); *Smith v. Kingston Mining, Inc.*, No. 18-0625, 2019 WL 1827997 (W. Va. Apr. 25, 2019) (memorandum decision); and *Street v. Amfire*, No. 12-0463, 2013 WL 6570063 (W. Va. Dec. 12, 2013) (memorandum decision). Mr. Harvey has not shown error in the OP Board's policy to rely upon the study with better volumes, or error in the Board's reliance upon the OP Board's testimony.

Upon review, we conclude that Mr. Harvey has failed to meet his burden of establishing that the OP Board was clearly wrong, and therefore, we cannot conclude that the Board erred in adopting the OP Board's recommendation. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order, which granted Mr. Harvey a 10% PPD award for impairment due to OP.

Accordingly, we affirm the Board's June 27, 2024, order.

Affirmed.

**ISSUED:** January 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White